UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KYLE LAMAR PITTMAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>　　　　　Defendant. | 4:25-CR-40052-KES<br><br>ORDER DISMISSING NOTICE OF REMOVAL WITH PREJUDICE |

On April 2, 2025, petitioner, Kyle Lamar Pittman, a defendant in a criminal matter that is pending in Union County, South Dakota, filed a notice of removal. Docket 1. Pittman seeks to remove his pending criminal matter to federal court. *Id.* Pittman cites to 28 U.S.C. §§ 1441, 1443, and the principles of equity, as the basis for removal. *Id.*

But 28 U.S.C. § 1441 only applies to the removal of civil actions, not criminal cases. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court . . . may be removed."). Thus, § 1441 does not provide a basis for removing Pittman's criminal case to federal court. *See id.; see also Minnesota v. Siruk*, 2020 WL 5362639, at *2 (D. Minn. Sept. 8, 2020) (stating a state criminal defendant cannot remove a criminal case to federal court under § 1441).

Section 1443, known as the civil rights removal statute, is also not an appropriate avenue for Pittman to remove this matter to federal court. The section allows for removal of a criminal prosecution in which "the right

1

allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and "that the removal petitioner is denied or cannot enforce the specified federal [right] in the courts of the State." *Johnson v. Miss.*, 421 U.S. 213, 219 (1975) (quotations omitted). As the United States Supreme Court has stated:

> It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966) (citations omitted). Pittman's notice of removal makes no such allegation. In fact, his only allegation is that the State of South Dakota has "trespass[ed] upon equitable rights, fail[ed] to recognize right to subrogation, and lack[s] of jurisdiction over a trust relationship." Docket 1 at 1. Pittman states that his prosecution by the State of South Dakota "violates trust law and principles of good conscience." *Id.* at 2. But such claims to not articulate how removal is proper based on racial inequality or an express state law that prohibits Pittman from exercising his rights. *See Siruk,* 2020 WL 5362639, at *2; *Johnson,* 421 U.S. at 219.

Finally, Pittman's assertion that the principles of equity warrant removal is without merit. Congress, though the removal statutes, "has provided for a limited set of circumstances where a defendant may remove a criminal case to

2

federal court." *United States v. Williams*, 2015 WL 6824047, at *2 (D. Minn. Sept. 29, 2015), *report and recommendation adopted,* 2015 WL 6870061 (D. Minn. Nov. 6, 2015). Pittman's sovereign citizen-like argument that he is beyond the reach of South Dakota's jurisdiction by virtue of his equitable interests is not supported by law. *See United States v. Hardin*, 489 Fed. Appx. 984, 986 (8th Cir. 2012).

Thus, it is ORDERED that Pittman's notice of removal (Docket 1) is dismissed with prejudice. And because the court lacks jurisdiction over this matter, it is

FURTHER ORDERED that Pittman's motion to proceed in forma pauperis (Docket 2) is denied as moot.

DATED April 15, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE